UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| CHRISTOPHER COULTER,<br><br>Plaintiff,<br><br>v.<br><br>THE DEPARTMENT OF THE AIR FORCE, DEBORAH LEE JAMES, SECRETARY OF THE DEPARTMENT OF THE AIR FORCE, UNITED STATES OF AMERICA, AND DOES 1-20,<br><br>Defendants. | No. 2:16-cv-02076-SB<br><br>**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 18. The motion was heard without oral argument. Plaintiff is represented by Waukeen Q. McCoy; Defendants are represented by Gregory T. Broderick.

Plaintiff Christopher Coulter brought suit against his former employer, the Department of the Air Force, alleging he was the target of retaliation and harassment, and wrongful termination as a result of him reporting various safety concerns. He is bringing five claims: (1) violation of the Whistleblower Protection Act, 5 U.S.C. § 2301 *et seq*; (2) Violation of Due Process / Liberty Interest; (3) Retaliation in violation of Cal. Lab. Code § 6310 (against the Department of the
**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~** 1

Air Force); (4) Retaliation in violation of Cal. Lab. Code § 6310, 1102 (against the Department of the Air Force); and (5) Intentional Infliction of Emotional Distress under the Federal Tort Claims Act.

Defendants now move to dismiss these claims, asserting the Court does not have jurisdiction to hear these claims because (1) the Whistle Blower Act does not provide a private cause of action and Plaintiff failed to exhaust his administrative remedies; (2) the United States may not be sued for constitutional claims; (3) the United States did not waive its sovereign immunity with respect to California employment statutes; and (4) Plaintiff has not complied with the administrative claim requirements of the Federal Tort Claims Act.

In his response, Plaintiff indicates that he recently filed a claim with the Merit Systems Protection Board and also filed an administrative tort claim. He asks the Court to stay his first claim (Whistleblower), as well as his fifth claim (Intentional Infliction of Emotional Distress).

**BACKGROUND FACTS**

The following facts are taken from Plaintiff's Complaint:

Plaintiff worked at Travis Air Force Base as a civilian Air Traffic Controller. He was eventually promoted to Senior Airfield Operations Automation Manager. In early 2013, there was a mishap at the Travis AFB where two Air Force planes nearly collided in air. Plaintiff believed the mishap was caused by the "Local Wind Resource Ares Windmills," which had de-sensitized controllers from effectively applying Primary Merging Target procedures. As a result, he began compiling Automation Continuity of Operation information for self-inspection/mitigation purposes. He reported the data he had collected, but his supervisors took no action.

After he reported his safety concerns, he began experiencing allegedly retaliatory behavior from his supervisors. He was the only civilian Air Traffic Controller not to receive a year-end bonus or time-off reward for a three-year

**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~ 2**

period. Also, he was denied overtime pay, had false accusations made against him, and his security clearance was placed under review.

Plaintiff filed multiple union grievances complaining about the retaliation and harassment he was experiencing. The retaliation, harassment and hostile work environment continued. Eventually he was placed on administrative leave and an investigation regarding Plaintiff's job performance was initiated. As a result, Plaintiff began to experience symptoms of stress and dizziness and was diagnosed with Neurocardiogenic Syncope.

Plaintiff was terminated from his position at Travis AFB in February, 2016.

## LEGAL STANDARDS

### 1. Rule 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. A party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction exists "for each claim he seeks to press'' and for "each form of relief sought." *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) (quoting *DaimlerChrysler Corp. v. Duno*, 547 U.S. 332, 352 (2006)). In deciding a 12(b)(1) motion, courts assume the plaintiff's factual allegations to be true and draw all reasonable inferences in his favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

### 2. Civil Service Reform Act (CSRA) - Merit Systems Protection Board (MSPB)

The Civil Service Reform Act ("CSRA") limits federal employees challenging their supervisors' "prohibited personnel practices" to an administrative remedial system. If the conduct an employee challenges falls within the scope of the CSRA's "prohibited personnel practices," the CSRA's administrative procedures are the employee's only remedy. *Orsay v. United States Dep't of Justice,* 289 F.3d 1125, 1128 (9th Cir. 2002) (abrogated on other grounds by *Millbrook v. United States*, __ U.S. __, 133 S. Ct. 1441 (2013)); *see also*

**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~ 3**

*Collins v. Bender,* 195 F.3d 1076, 1079 (9th Cir. 1999) ("[E]ven if no remedy were available to [the employee] under the CSRA, he still could not bring [his] action if the acts complained of fell within the CSRA's confines."); *Saul v. United States,* 928 F.2d 829, 835–43 (9th Cir. 1991) (holding the CSRA precludes both constitutional and common-law tort claims).

The CSRA defines "prohibited personnel practices" as any "personnel action" taken for an improper motive by someone who has authority to take personnel actions. 5 U.S.C. § 2302(b) (delineating improper motives). "Personnel action" as defined by the statute includes any appointment, promotion, disciplinary or corrective action, detail transfer, reassignment, reinstatement, restoration, reemployment, performance evaluation, pay or benefits decision, mandatory psychiatric examination, or any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A)(i)-(xi).

"[A]lthough a federal district court can exercise federal question jurisdiction under 28 U.S.C. § 1331, that general grant of jurisdiction does not apply where it is fairly discernible that Congress intended a statutory review scheme to provide the exclusive avenue to judicial review." *Kerr v. Jewell*, 836 F.3d 1048, 1050 (9th Cir. 2016). This principle applies to the CSRA. *Elgin v. Dep't of Treasury*, __ U.S. __, 132 S. Ct. 2126, 2132-33 (2012) ("Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court.").

The CSRA's remedial scheme is "both exclusive and preemptive because permitting Federal Tort Claim Act claims to supplant the CRSA's remedial scheme" would defeat Congress' purpose of creating "a single system of procedures and remedies, subject to judicial review." *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991). "[W]here Congress has provided a process for processing prohibited personnel practices, other potential employee remedies are

**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~ 4**

preempted." *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir 2008). "Both the CSRA and its legislative history show that Congress did not intend that state tort law operate within the interstices of the act." *Saul*, 928 F.2d at 842.

In determining whether the CSRA preempts a claim, the court looks to the conduct challenged in the lawsuit to determine whether it "falls within the scope of the CSRA's 'prohibited personnel practices.'" *Mangano*, 529 F.3d at 1246. If it does, the lawsuit is preempted and the CSRA's administrative procedures are the employee's only remedy. *Id*.

The Merit Systems Protection Board ("MSPB") was created by Congress under the CSRA as a quasi-judicial government agency with the specific task of adjudicating appeals of agency personnel actions for federal employees. 5 U.S.C. § 1201 *et seq*.; 5 C.F.R. § 1200.1. Generally, the MSPB is limited to review of "adverse employment actions" that fall into one of five categories: (1) removal; (2) suspension for more than 14 days; (3) reduction in grade; (4) reduction in pay; or (5) a furlough of 30 days or less. 5 U.S.C. § 7512(1)-(5); *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998).

### 3. Whistleblower Protection Act

The Whistleblower Protection Act ("WPA") prohibits retaliation against an employee for disclosing "any violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). Federal employees can obtain administrative and judicial review of their WPA claims. *Kerr*, 836 F.3d at 1053. As a general matter, WPA claims must be presented initially to either the Office of Special Counsel (OSC) or the MSPB. 5 U.S.C. §§ 1214, 1221(a); 5 C.F.R. § 1209.2

The Whistleblower Protection Act is part of the CSRA and thus, WPA claims are within the exclusive original jurisdiction in the MSPB. *Kerr*, 836 F.3d at 1056 (quoting the D.C. Circuit, which observed that "[u]nder no circumstances

**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~ 5**

does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance").

### 4. Federal Tort Claim Act

The Federal Tort Claims Act grants federal courts jurisdiction over damages claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or emission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Under the FTCA, the government may be held liable for negligence "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

## ANALYSIS

### 1. Whistleblower Protection Act claim

In his first cause of action, Plaintiff asserts he is a federal employee who reported valuable trend information regarding safety violations that occurred at Travis AFB and as a result, he was retaliated against, constantly harassed, placed in a hostile work environment, wrongfully terminated and had his security clearance placed under review, which prevented him from seeking other similar employment, in violation of the WPA.

Defendant argues because there is no private right of action under the WPA (an employee must bring a claim under the rubric of the CSRA) and because Plaintiff's complaint does not allege exhaustion of his CSRA remedies or that he sought review from the MSPB, his WPA claim is barred.

In his response, Plaintiff concedes he did not pursue all administrative remedies under the CSRA. He asks that, because he is in the process of appealing to the MSPB, the Court to stay his Whistleblower Act claim until the administrative process is resolved. Defendants object to Plaintiff's request for a stay.

The Ninth Circuit instructs that a district court has discretion to stay or

**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~ 6**

dismiss without prejudice a case within an administrative agency's primary jurisdiction. *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir. 2006). A court may stay the case and retain jurisdiction or, "if the parties would not be unfairly disadvantaged, . . . dismiss the case without prejudice." *Id.* The factor most often considered in determining whether a party will be disadvantaged by dismissal without prejudice is whether there is a risk that the statute of limitations may run on the claims pending agency resolution of threshold issues. *Id.* Also, where the court stays proceedings to give preliminary deference to an administrative agency anticipating further judicial proceedings, jurisdiction should ordinarily be retained by staying the action, rather than dismissing the proceedings. *N. Cal. Dist. Council of Hod Carriers, Bldg. & Constr. Laborers, AFL–CIO v. Opinski,* 673 F.2d 1074, 1076 (9th Cir. 1982). In an unpublished opinion the Ninth Circuit examined the prejudice factor to determine whether claims should be dismissed or stayed for failing to exhaust administrative remedies before the MSPB. *Toyama v. Sebelius*, 2009 WL 2241606, *1 (9th Cir. 2009). It concluded that because there was no risk that the statute of limitations might run on the claim, it was appropriate to dismiss the claims without prejudice. *Id.*

Because neither party has addressed the prejudice issue or the statute of limitations question, the Court orders additional briefing on this issue before making a determination on whether it should stay Plaintiff's WPA claim.

### 2. Constitutional Claims – Due Process, Liberty Interest

In his second cause of action, Plaintiff alleges a violation of his due process rights, and specifically his liberty interest. He asserts he has a liberty interest in his reputation as an employee and argues his reputation has been damaged by Defendants. He asserts that Defendants have continued to disseminate a false and defamatory impression about Plaintiff in regards to his termination, which has deprived him of similar employment with other Air Force bases around the world.

Also, Defendants have held his security clearance under review, which has denied him the opportunity to seek other similar employment.

Defendants argue the United States has not waived sovereign immunity for direct constitutional claims. In his response, Plaintiff did not address Defendants' argument regarding sovereign immunity and the requested dismissal of his constitutional claims.

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 656, 538 (1980). Thus, sovereign immunity is jurisdictional in nature. *FDIC. v. Meyer*, 510 U.S. 471, 475 (1994). In *Meyer*, the U.S. Supreme Court held the United States did not waive its sovereign immunity for constitutional tort claims. *Id*. at 478; *see also Roundtree v. United States*, 40 F.3d 1036, 1038 (9th Cir. 1994) ("[I]t is pellucid that the United States cannot be sued on the theory that there has been a violation of [the plaintiff's] constitutional rights."). Additionally, the United States may not be held liable in damages for the constitutional torts of its officers. *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir. 1985).

Here, Plaintiff has not alleged any facts to suggest that Ms. James personally participated in any alleged constitutional violation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding supervisors are only personally liable for damages under 42 U.S.C. § 1983 when the evidence shows that they participate in, directed, or knew of the alleged constitutional violations, and failed to intervene to prevent them); *Clemente*, 766 F.2d at 1363-64 (holding a *Bivens* remedy is unavailable against federal officials being sued, not in their individual capacity for their individual actions, but simply because of the offices they hold).

Given that Plaintiff has not challenged the United States' claim of sovereign immunity, the Court grants Defendants' Motion to Dismiss with respect to

**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~ 8**

Plaintiff's constitutional due process claims.

   3. **California Employment Law Claims**

In his third and fourth causes of action, Plaintiff alleges his termination from employment violated California law prohibiting the discharge by an employee who has made any oral or written complaint to his employer. Cal. Lab. Code § 6310. His termination also allegedly violated public policy under California law. Cal. Labor Code § 1102(b).

Defendants argue that under the Supremacy Clause of the U.S. Constitution, the United States is not subject to state law. Also, the United States has not waived its sovereign immunity for state employment laws. Moreover, because federal employees are governed by CSRA, state employment laws do not apply to disputes between the United States and its employees.

Here, the allegations regarding the state labor law violations involve "personnel actions" as defined by the CSRA. As such, Plaintiff's California Labor Code claims are pre-empted and subject to dismissal.

   4. **Intentional Infliction of Emotional Distress – Tort Claim (FTCA)**

In his fifth cause of action, Plaintiff alleges Defendants, through its agents and employees, treated him in a deplorable manner. The retaliation, harassment, wrongful termination, and withholding of Plaintiff's security clearance allegedly constitute extreme and outrageous conduct by Defendants that caused him severe emotional and physical distress.

Defendants argue that Plaintiff failed to plead compliance with the FTCA's administrative exhaustion requirements, which are a condition of the waiver of sovereign immunity. Because he failed to comply with the prerequisites for a tort claim against the United States, his tort claim is barred by sovereign immunity.

In his response, Plaintiff indicated he recently filed a claim under the Federal Tort Claims Act. He asks the Court to allow him to amend his complaint to include the fact that he has complied with the FTCA by filing an administrative

**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~ 9**

tort claim and to stay the action.

Although not addressed by the parties, it is questionable whether this claim survives under the reasoning of *Mangano v. United States*, 529 F.3d 1243 (9th Cir. 2008). In that case, a part-time physician employed by the Veterans Health Administration brought an action in district court, seeking damages against the United States under the FTCA for intentional infliction of emotional distress and intentional interference with the right to practice a lawful profession in retaliation for his whistleblowing activities. *Id.* The Ninth Circuit held the physician's claim that he was unfairly terminated falls squarely within the definition of a personnel action as a "significant change in duties, responsibilities or working conditions" under the CSRA. *Id.* at 1247. Ultimately, the Circuit concluded the physician's FTCA claims involved personnel actions that could be challenged as prohibited personnel practices and as such the CSRA preempted those claims. *Id.* The physician's remedy, if any, lay within the CSRA procedures. *Id.* This case is directly on point with respect to whether the CSRA preempts Plaintiff's FTCA claim. In addition to addressing whether this claim should be stayed, the parties are directed to address whether Plaintiff's FTCA claim should be dismissed under *Mangano*.

## Conclusion

As set forth above, it is appropriate to dismiss with prejudice Plaintiff's constitutional claims and his California Labor Code claims. The Court declines to rule on whether dismissal is proper for the Whistleblower Act claims and the FTCA claim without further briefing from the parties.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, ECF No. 18, is **GRANTED**, in part.
2. On or before **July 5, 2017**, Plaintiff shall file additional briefing addressing the request for a stay and the *Mangano* decision.
3. On or before **July 15, 2017**, Defendants shall file its responsive

**ORDER GRANTING MOTION TO DISMISS, IN PART; ORDERING BRIEFING ON MOTION TO STAY ~ 10**

briefing.

4. On or before **July 26, 2017**, Plaintiff shall file any reply.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 22nd day of June, 2017.

*Stanley A. Bastian*
_____
Stanley A. Bastian
United States District Court Judge